FRANK, Judge.
The appellant, Charles Elder, the plaintiff in the trial court, sued the Highlands County Board of County Commissioners alleging, inter alia, that he was denied procedural due process in connection with his termination from employment. In his complaint, Elder sought damages, attorney’s fees and costs. The trial court granted the County’s motion to dismiss Count I and its motion for summary judgment on Count II. Neither the trial court’s initial order granting the County’s motions nor the subsequently entered final judgment disclose the substantive bases for the trial court’s determinations.
Before turning to an analysis of the authority upon which we rely in overturning the trial court’s final judgment, we note our conclusion that the relief Elder is entitled to, if he prevails in the trial court, does not incorporate damages. Rather, if the trial court finds that he was faultless in failing to request a hearing within 10 days from the notice of termination from employment, the appropriate remedy is an order directing the County to conduct such a hearing. Cf. Perry v. Sindermann, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972).
Count I of Elder’s complaint is grounded upon 42 U.S.C. § 1983, a federal statute capable of enforcement in a state court under a concurrency of jurisdiction. See Martinez v. California, 444 U.S. 277, 100 S.Ct. 553, 62 L.Ed.2d 481 (1980); Testa v. Katt, 330 U.S. 386, 67 S.Ct. 810, 91 L.Ed. 967 (1947). Section 1983 provides, in pertinent part, that:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.
The trial court’s dismissal of Count I reveals its misperception of the decision in Monell v. Department of Social Services of the City of New York, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Prior to its pronouncements in Monell, the Supreme Court’s decision in Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), foreclosed section 1983 actions initiated against local governments. The Monroe court concluded that “Congress did not undertake to bring municipal corporations *1336 within the ambit of [§ 1983]. 365 U.S. at 187, 81 S.Ct. at 484. In Monell, however, the court overruled Monroe and concluded that Congress did “intend municipalities and other local government units to be included among those persons to whom § 1983 applies.” 436 U.S. at 690, 98 S.Ct. at 2035. Thus, local governmental bodies, such as the Highlands County Board of County Commissioners, became “persons” within the meaning of section 1983, and could be sued under that statute” for monetary, declaratory, or injunctive relief....” Id. The County’s effort to remove itself from Monell and the reach of section 1983 by claiming status as a subdivision of the state originates in a misunderstanding of the Supreme Court’s comment that “[o]ur holding today is, of course, limited to local government units which are not considered part of the State for Eleventh Amendment purposes.” 436 U.S. at 690 n. 54, 98 S.Ct. at 2035 n. 54. The County has overlooked prominent authority.
The Eleventh Amendment provides that “[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against another state, or by Citizens or Subjects of any Foreign State.” By its terms, the Amendment does not appear to bar an action initiated by a person who is a citizen of the sued state. The Supreme Court, however, has long held that the Amendment does immunize an unconsent-ing state from suit by its citizens brought in federal courts. Hans v. Louisiana, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890). The purpose of the Eleventh Amendment was to exclude the federal fora from entertaining actions that could adversely affect a state’s revenue through monetary awards. A county, however, “does not occupy the same position as a State for purposes of the Eleventh Amendment” notwithstanding that a county’s action is generally “state action” for purposes of the Fourteenth Amendment and section 1983. Edelman v. Jordan, 415 U.S. 651, 667 n. 12, 94 S.Ct. 1347, 1358 n. 12, 39 L.Ed.2d 662 (1974); see also Moor v. County of Alameda, 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973). Accordingly, the County is a “person” subject to a section 1983 proceeding.
Finally, although the record discloses a degree of pretrial discovery in the form of a request for admissions propounded by the County, and interrogatories and a request to produce served by Elder, we cannot discern the trial court’s reasons for concluding that the County was entitled to judgment as a matter of law. It does appear, however, from the complaint and the County’s response to Elder’s request for admissions that a question of fact exists with respect to whether Elder was furnished or had available to him the County’s personnel rules which are purported to prescribe a 10 day period within which a permanent employee may request a hearing in which to challenge termination. Elder’s default in timely requesting a hearing may well have been a consequence of the County’s conduct. See Service v. Dulles, 354 U.S. 363, 77 S.Ct. 1152, 1 L.Ed.2d 1403 (1957) (validly prescribed regulations are no less binding upon the governmental body than upon the affected citizen). The question of Elder’s knowledge of the 10 day rule and his failure to comply with it are to be resolved, however, in the context of an evidentiary hearing.
Based upon the foregoing, this matter is remanded to the trial court for further proceedings consistent with this opinion.
GRIMES, A.C.J., and SCHOONOVER, J., concur.