537 So.2d 706 (1989)
Mark HOWLETT, a Minor, by and through Elizabeth HOWLETT, His Mother, Natural Guardian and Next Friend, Appellant,
v.
Scott ROSE, As Superintendent of Schools for Pinellas County, Florida; William Grey, Thomas Petit and the School Board of Pinellas County, Florida, Appellees.
No. 87-3583.
District Court of Appeal of Florida, Second District.
February 1, 1989.
*707 Gardner W. Beckett, Jr. of Nelson, Beckett & Nelson, St. Petersburg, for appellant.
Christa L. Collins-Johnson and Luis Prats of Blasingame, Forizs & Smiljanich, P.A., St. Petersburg, for appellees.
CAMPBELL, Chief Judge.
This appeal on behalf of appellant, Mark Howlett, a minor, challenges the final order that dismissed with prejudice his complaint for injunctive relief and damages against the school board and several school officials. The state court action brought by appellant below was pursuant to the Judicial Civil Rights Act of 1871, 42 U.S.C. section 1983. Appellant raises three issues on this appeal:
I. WHETHER THE QUESTION OF A STATE AND ITS SUBDIVISIONS' SOVEREIGN IMMUNITY TO AN ACTION BROUGHT IN A STATE COURT UNDER THE FEDERAL CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983, IS A QUESTION OF STATE OR FEDERAL LAW?
II. WHETHER UNDER FEDERAL LAW A FLORIDA SCHOOL BOARD IS IMMUNE FROM SUIT UNDER SECTION 1983?
III. WHETHER IT IS NECESSARY TO EXHAUST STATE REMEDIES UNDER THE FLORIDA ADMINISTRATIVE PROCEDURE ACT BEFORE BRINGING AN ACTION FOR DAMAGES IN A FLORIDA COURT UNDER SECTION 1983?
Although our conclusion and answer to the first issue precludes the necessity of deciding the other two issues, we will briefly discuss those issues. We decide appellant's first issue on the authority of Hill v. Department of Corrections, State of Florida, 513 So.2d 129 (Fla. 1987), cert. denied, ___ U.S. ___, 108 S.Ct. 1024, 98 L.Ed.2d 989 (1988), and hold that the State of Florida has not waived its sovereign immunity from suits against it in its own state courts except to the extent provided in section 768.28, Florida Statutes (1985) for traditional state tort actions. See Hill. Thus, to the extent that the actions of the state and its agencies are protected by sovereign immunity, an action pursuant to section 1983 will not lie in state courts. The question of whether that sovereign immunity exists is a question of state law and not federal law. The question of the scope of that sovereign immunity, or whether a particular act is protected by that sovereign immunity, is not before us on this appeal, nor was it before the trial court. In both the trial court and on appeal, appellant argued that the question of whether a state has maintained its common law sovereign immunity from a section 1983 suit in its state courts is a question of federal law. It is not. The question of whether a state has waived its own common law immunity in its own courts is a question of state law. Appellant's primary argument thus fails and the trial court judgment must be affirmed.
At oral argument, this court's decision in Elder v. Highlands County Board of County Commissioners, 497 So.2d 1334 (Fla. 2d DCA 1986) was cited in support of appellant's position. Yet, the question of the common law sovereign immunity of a state from suit in its state courts on a federal cause of action was neither presented nor discussed in Elder. Elder was decided on the basis of Eleventh Amendment immunity. As our supreme court stated in Hill, relying on Ramah *708 Navajo School Board v. Bureau of Revenue, 104 N.M. 302, 720 P.2d 1243 (App.), cert. denied, 479 U.S. 940, 107 S.Ct. 423, 93 L.Ed.2d 373 (1986), sovereign immunity and Eleventh Amendment immunity are distinct concepts. The eleventh amendment protects state government from the federal judiciary. Under the eleventh amendment, when a section 1983 action is brought against a state in federal court, the question is whether the defendant qualifies as a "person" under the act or is more properly an Eleventh Amendment protected state agency. The determination of that question in that context is a question of federal law. However, when a section 1983 action is brought in state court, the sole question to be decided on the basis of state law is whether the state has waived its common law sovereign immunity to the extent necessary to allow a section 1983 action in state court. Hill holds that Florida has not so waived its sovereign immunity. We therefore do not reach appellant's second issue in this case, i.e., whether under federal law a Florida school board is immune from a section 1983 law. There is no question under Florida law that agencies of the state, including school boards and municipalities, are the beneficiaries of sovereign immunity. The extent of that sovereign immunity and its applicability under Florida law in this case has not been addressed by appellant.
Neither do we reach the question of the failure of appellant to exhaust his administrative remedies inasmuch as he has not otherwise demonstrated his right to pursue his section 1983 action in Florida's courts.
While appellant has cited numerous decisions of the United States Supreme Court dealing with the nature of state agencies and their resulting immunity or lack of it in section 1983 suits, those cases are all distinguishable because they deal primarily with Eleventh Amendment immunity or actions in federal courts. Patsy v. Board of Regents of State of Florida, 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982); Martinez v. California, 444 U.S. 277, 100 S.Ct. 553, 62 L.Ed.2d 481 (1980); Mt. Healthy City School Board of Education v. Doyle, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977); Edelman v. Jordan, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); Moor v. County of Alameda, 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973); Garrett v. Moore-McCormack Co., 317 U.S. 239, 63 S.Ct. 246, 87 L.Ed. 239 (1942).
The one case that we would particularly distinguish is Martinez. While Martinez involved a section 1983 action in a California state court, the question of immunity in that case was based on the attempted application of a California statute that sought to immunize state officials from injuries resulting from particular conduct. In other words, it was an attempt by the state to immunize itself from a particular cause of action. Martinez does not pertain to the question of state common law immunity from the use of its courts for suits against the state in those state courts. The question of whether a state has opened its own courts for federal actions against the state which the state does not otherwise recognize is purely a question of state law.
AFFIRMED.
RYDER and FRANK, JJ., concur.