PER CURIAM.
A fired municipal policeman timely appeals an order that held that the state trial court had no subject matter jurisdiction over 42 U.S.C. § 1983 (1979) actions. We reverse.
The police officer was formerly with the Lake Clarke Shores Police Department. During his employment, he wrote a published letter to the Palm Beach Post expressing his opinion about the effects of stress on police officers. Several days after the article, he received a reprimand for his remarks. Several months later, his employment was terminated because officials were “discontented by his letter.”
As a result of the termination, the police officer brought this action against the town under 42 U.S.C. § 1983 for deprivation of his rights under the First, Fifth, and Fourteenth Amendments.
According to the town, the doctrine of sovereign immunity precludes a state court from exercising jurisdiction against a municipality because of 42 U.S.C. § 1983. That legislation provides:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person with the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of *213 this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.
The town contends that the state trial court does not have subject matter jurisdiction over civil rights actions. However, this court addressed the same issue in City of Riviera Beach v. Langevin, 522 So.2d 857 (Fla. 4th DCA 1987), rev. dismissed, Darden v. Langevin, 536 So.2d 243 (Fla.1988), and clearly held that the trial court had subject matter jurisdiction over 42 U.S.C. § 1983 actions. See also Southern Alliance Corp. v. City of Winter Haven, 505 So.2d 489 (Fla. 2d DCA 1987).
We reject the town's reliance on Hill v. Department of Corrections, 513 So.2d 129 (Fla.1987), cert. denied, 484 U.S. 1064, 108 S.Ct. 1024, 98 L.Ed.2d 989 (1988), and Howlett By Howlett v. Rose, 537 So.2d 706 (Fla.2d DCA 1989). Those cases are inapt because they do not concern municipalities. Monell v. Department of Social Services of City of New York, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).
Accordingly, this cause is reversed and remanded.
REVERSED AND REMANDED.
LETTS, GLICKSTEIN and GARRETT, JJ., concur.