551 So.2d 561 (1989)
The DOWNTOWN INVESTMENTS, LTD., a Florida Limited Partnership, Appellant,
v.
E.M. SEGALL a/K/a Pat Segall and Atlantic Coast Development Corp., a Florida Corporation, Appellees.
No. 89-60.
District Court of Appeal of Florida, Third District.
October 10, 1989.
Rehearing Denied November 21, 1989.
*562 Mandler & Silver and Scott M. Bernstein, Miami, for appellant.
Mallory H. Horton, John Cosgrove, Miami, for appellees.
Before NESBITT, LEVY and GERSTEN, JJ.
LEVY, Judge.
Plaintiff below appeals the trial court's order dismissing its amended complaint with prejudice. We reverse.
In a separate action, appellant, the Downtown Investments, Ltd. [Downtown], secured a final judgment in early 1988 against third parties Edward and Barry Segall, who were found to have fraudulently induced Downtown to enter into a computer center management agreement and option, which agreement and option then were found to have been breached, with various damages accruing to Downtown. In April of 1988, Downtown initiated the action underlying this appeal by filing a six-count initial complaint against appellees E.M. Segall and Atlantic Coast Development Corp. alleging, inter alia, that Downtown had obtained the earlier mentioned judgment and, furthermore, that Edward and Barry Segall had acted as agents of the appellees herein. Upon defendants' motion, the initial complaint was dismissed with leave to amend. Appellant filed an amended two-count complaint alleging fraud based upon the direct actions of appellees as active tortfeasors. Upon defendants' motion, this complaint was also dismissed, this time with prejudice. This appeal follows.
Appellant counsel's succinct argument correctly, and very effectively, focused attention on the pivotal issue in this case, to-wit: the contents of appellant's amended complaint. It is the general rule that an original pleading is superseded by an amended pleading which, as in the case sub judice, does not express an intention to save any portion of the original pleading. Baron Oil Co. v. Nationwide Mut. Fire Ins. Co., 470 So.2d 810 (Fla. 1st DCA 1985); Commercial Garden Mall v. Success Academy, Inc., 453 So.2d 934 (Fla. 4th DCA 1984); Rice v. Clement, 184 So.2d 678 (Fla. 4th DCA 1966); Shannon v. McBride, 105 So.2d 16 (Fla. 2d DCA 1958). The amended complaint in this case was comprised of two counts alleging fraud arising from appellees' direct actions, and was the first pleading before the trial court, in this case, to so allege. While we do not address the issue of the appropriateness of the dismissal per se or the legal sufficiency of the amended complaint, we do determine that dismissal of this amended complaint "with prejudice", particularly in view of the fact that the grounds contained in defendant's motion were insufficient to warrant any dismissal, contravenes the general policy of liberality in the amending of pleadings so as to reach the merits of a case, and, further, conclude that "the dismissal with prejudice of appellant's first amended complaint without leave to amend was an abuse of discretion `since the complaint has been amended only once, and there has been no showing either that appellant has abused the privilege to amend or that the complaint is clearly not amendable, ...'" Kennedy v. Santa Rosa Island Authority, 530 So.2d 520, 521 (Fla. 1st DCA 1988) (quoting Thompson v. McNeill Company, Inc., 464 So.2d 244 (Fla. 1st DCA 1985).
As a secondary matter, appellant responds to appellees' estoppel argument by contending that the appellees/defendants herein, as well as the claims and issues asserted against them, are new to this action. We agree. The judgment secured in the prior action was entered *563 against Edward and Barry Segall only, not against any of the appellees herein, and, further, the judgment was entered on Downtown's amended counterclaim, which sought damages from Edward and Barry Segall only, for fraud, breach of contract, slander of title, breach of implied covenant of good faith, tortious interference, conversion, trade name appropriation, and civil theft. We need only conclude, as we do, that there is no identity of parties between the prior and the instant actions, Trucking Employees of N. Jersey Welfare Fund, Inc. v. Romano, 450 So.2d 843 (Fla. 1984); Mobil Oil Corp. v. Shevin, 354 So.2d 372 (Fla. 1977), in order to dispense with appellees' estoppel argument.
Reversed and remanded.