569 So.2d 1256 (1990)
TOWN OF LAKE CLARKE SHORES, Petitioner,
v.
Alan PAGE, Respondent.
No. 75375.
Supreme Court of Florida.
November 8, 1990.
Carman, Beauchamp & Sang, P.A., Deerfield Beach, and Rhea P. Grossman, Miami, for petitioner.
*1257 Isidro M. Garcia of Joseph A. Vassallo, P.A., Lake Worth, for respondent.
Michael B. Davis of Davis, Hoy, Carroll & Isaacs, P.A., West Palm Beach, amicus curiae for City of Lake Worth.
Fred H. Gelston and Stuart M. Silverman of Damsel & Gelston, P.A., West Palm Beach, amici curiae for City of Belle Glade, and City of Delray Beach.
GRIMES, Justice.
We review the opinion of the Fourth District Court of Appeal in Page v. Valentine, 552 So.2d 212 (Fla. 4th DCA 1989), in which we accepted jurisdiction based on conflict with Howlett ex rel. Howlett v. Rose, 537 So.2d 706 (Fla. 2d DCA), review denied, 545 So.2d 1367 (Fla. 1989), rev'd, ___ U.S. ___, 110 S.Ct. 2430, 110 L.Ed.2d 332 (1990). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
The respondent, Alan Page, sued the petitioner, Town of Lake Clarke Shores (Town), under 42 U.S.C. § 1983 (1979).[*] In his complaint Page alleged that he was formerly a police officer with the Lake Clarke Shores Police Department. He claimed that his employment was terminated because Town officials were "discontented" by a letter published in The Palm Beach Post in which Page expressed his opinion about the effects of stress on police officers. The trial court dismissed the action against the Town holding that the court had no subject matter jurisdiction over § 1983 actions due to Florida's sovereign immunity doctrine. The Fourth District Court of Appeal reversed, relying on City of Riviera Beach v. Langevin, 522 So.2d 857 (Fla. 4th DCA 1987), review dismissed, 536 So.2d 243 (Fla. 1988), and Southern Alliance Corp. v. City of Winter Haven, 505 So.2d 489 (Fla. 2d DCA 1987).
We agree with the court below that state trial courts do have subject matter jurisdiction over § 1983 actions against municipalities. The United States Supreme Court recently decided Howlett ex rel. Howlett v. Rose, ___ U.S. ___, 110 S.Ct. 2430, 110 L.Ed.2d 332 (1990), reversing the very decision upon which the Town relies. In that case, the Supreme Court reaffirmed its ruling in Will v. Michigan Department of State Police, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989), that "an entity with Eleventh Amendment immunity is not a `person' within the meaning of § 1983." Howlett, 110 S.Ct. at 2437. Therefore, "the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal court or state court." Id. However, the Court further stated that
since the Court has held that municipal corporations and similar governmental entities are "persons," see Monell v. New York City Dept. of Social Services, 436 U.S. 658, 663, 98 S.Ct. 2018, 2021-22, 56 L.Ed.2d 611 (1978); cf. Will, 491 U.S., at ___, n. 9, 109 S.Ct., at 2311, n. 9; Mt. Healthy City Board of Education v. Doyle, 429 U.S. 274, 280-281, 97 S.Ct. 568, 572-573, 50 L.Ed.2d 471 (1977), a state court entertaining a § 1983 action must adhere to that interpretation. "Municipal defenses  including an assertion of sovereign immunity  to a federal right of action are, of course, controlled by federal law." Owen v. City of Independence, 445 U.S. 622 at 647, n. 30, 100 S.Ct. [1398] at 1413, n. 30 [63 L.Ed.2d 673 (1980)]. "By including municipalities within the class of `persons' subject to liability for violation of the Federal Constitution and laws, Congress  the supreme sovereign on matters of federal law  abolished whatever vestige of the State's sovereign immunity the municipality possessed." Id., at 647-648, 100 S.Ct., at 1413-14 (footnote omitted).
*1258 Id. 110 S.Ct. at 2443. The Supreme Court pointed out that the Second District Court of Appeal had erroneously extended this Court's decision in Hill v. Department of Corrections, 513 So.2d 129 (Fla. 1987), cert. denied, 484 U.S. 1064, 108 S.Ct. 1024, 98 L.Ed.2d 989 (1988), holding limited, Howlett ex rel. Howlett v. Rose, ___ U.S. ___, 110 S.Ct. 2430, 110 L.Ed.2d 332 (1990), which involved a state agency, to a suit against a municipality.
Therefore, we approve the opinion below and remand for further proceedings.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, EHRLICH, BARKETT and KOGAN, JJ., concur.
NOTES
[*] 42 U.S.C. § 1983 provides in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.