PER CURIAM.
The appellants, Barnell 0. Cross, individually (Mr. Cross), and Shimberg-Cross, a general partnership (Shimberg-Cross), appeal the trial court’s final order dismissing with prejudice their third party complaint for contribution and indemnity against the appellee, Tampa Electric Company (Tampa Electric). We affirm in part and reverse in part.
Charles A. Bagent and Flowers Baking Company (plaintiffs) filed a personal injury action against Mr. Cross and Tampa Electric. Bagent was injured when the Flowers truck he was driving struck a fallen electrical wire. The wire fell when the tractor driven by Mr. Cross struck a utility pole owned, operated, and maintained by Tampa Electric. Counts I through IV of the plain *624 tiffs’ amended complaint were against Mr. Cross, and counts V through VIII were against Tampa Electric.
Tampa Electric filed a motion to dismiss all counts against it. The trial court entered an order granting Tampa Electric’s motion and dismissed counts V and VI based on negligence with leave to amend within fifteen days. Counts VII and VIII based on strict liability were dismissed without leave to amend. When the plaintiffs failed to amend within the time allowed, the trial court properly entered an order dismissing all claims against Tampa Electric with prejudice. This final order was not appealed. After the claims against Tampa Electric were dismissed, Shimberg-Cross was added as a defendant.
Shimberg-Cross was added as a party defendant in the action under the theories of respondeat superior, negligent supervision, and strict liability as Mr. Cross’s employer. At the hearing on plaintiffs’ motion for summary judgment against Mr. Cross and Shimberg-Cross, almost three years after Tampa Electric was dismissed from the action, Mr. Cross and Shimberg-Cross each made an ore tenus motion seeking leave to file a third party complaint against Tampa Electric. Leave to amend was granted and the third party complaint was filed. Thereafter, Tampa Electric filed a motion to dismiss on the grounds that Mr. Cross and Shimberg-Cross’s failure to appeal the final order dismissing all claims against Tampa Electric barred them from seeking contribution and/or indemnity. The trial court entered an amended order dismissing the third party complaint with prejudice. This timely appeal followed.
We agree with Shimberg-Cross’s contention that the trial court erred in dismissing its third party complaint against Tampa Electric and reverse as to the judgment against Shimberg-Cross. Shimberg-Cross was not a party to the action when all claims against Tampa Electric were dismissed with prejudice. The plaintiffs’ amended complaint was filed only against Tampa Electric and Mr. Cross, individually. There was no allegation in the plaintiffs’ amended complaint that Mr. Cross was acting within the scope of his employment with Shimberg-Cross or as its agent when he struck the utility pole. Therefore, there is no identity of parties between the action from which Tampa Electric was dismissed and the instant action where Shimberg-Cross seeks to bring a third party complaint against Tampa Electric. Downtown Invs., Ltd. v. E.M. Segall, a/k/a Pat Segall & Atlantic Coast Dev. Corp., 551 So.2d 561 (Fla. 3d DCA 1989).
We disagree, however, with Mr. Cross’s contention that he too is allowed to bring an action for contribution and indemnity against Tampa Electric. Mr. Cross admits that he failed to appeal Tampa Electric’s dismissal from the lawsuit. In any case involving contribution or both contribution and indemnity, the initial judgment exonerating a defendant must be timely appealed by a codefendant or never heard. Holton v. H.J. Wilson Co., 482 So.2d 341 (Fla.1986). We, accordingly, affirm the judgment against Mr. Cross.
We affirm in part and reverse in part and remand for proceedings consistent with this opinion.
SCHOONOVER, C.J., and FRANK and ALTENBERND, JJ., concur.