588 So.2d 236 (1991)
Bradley ARTHUR, Appellant,
v.
HILLSBOROUGH COUNTY BOARD OF CRIMINAL JUSTICE, Appellee.
No. 89-00435.
District Court of Appeal of Florida, Second District.
May 8, 1991.
Rehearing Denied June 12, 1991.
Bruce Rogow, Fort Lauderdale, for appellant.
James E. Thompson, Fowler, White, Gillen, Boggs, Villareal and Banker, P.A., Tampa, for appellee.
PARKER, Judge.
This case is again before this court upon remand from the United States Supreme Court. Arthur v. Hillsborough County Board of Criminal Justice, ___ U.S. ___, 111 S.Ct. 27, 112 L.Ed.2d 6 (1990). This court on the authority of its earlier decision in Howlett v. Rose, 537 So.2d 706 (Fla. 2d DCA), review denied, 545 So.2d 1367 (Fla. 1989) and the Florida Supreme Court's decision in Hill v. Department of Corrections, 513 So.2d 129 (Fla. 1987), cert. denied, 484 U.S. 1064, 108 S.Ct. 1024, 98 L.Ed.2d 989 (1988), had dismissed the appellant's action against the Hillsborough County Board of Criminal Justice (the Board) pursuant to the Judicial Civil Rights Act of 1871, 42 U.S.C. § 1983 (1982).[1]Arthur v. Hillsborough *237 County of Criminal Justice, 563 So.2d 94 (Fla. 2d DCA 1990). The United States Supreme Court vacated our dismissal in Arthur in light of its previous published opinion in Howlett v. Rose, ___ U.S. ___, 110 S.Ct. 2430, 110 L.Ed.2d 332 (1990), disapproving this court's construction of Hill in that case. In Hill, the Florida Supreme Court had held that the Department of Corrections as an agency of the state was immune under the Eleventh Amendment from suit under section 1983 in state court. The United States Supreme Court, while approving that ultimate holding in Hill, rejected this court's extension of Hill in Howlett, 537 So.2d at 706, to provide immunity from section 1983 suits, not only to the state and its agencies, but also to municipalities, counties, and school districts. Howlett, 110 S.Ct. at 2430.
In light of the Supreme Court's opinion in Howlett, the appellant's claim against the Board is properly before this court, and we now address the issues raised in the initial appeal. First, the appellant maintained that the trial court improperly had dismissed his state law claim of negligence under a respondeat superior theory against the Board and that he should be permitted to pursue that claim separately from his section 1983 action. We disagree. Although the appellant properly stated a claim for respondeat superior liability against the Board in the original and first amended complaints, he later abandoned that claim when he failed to reallege it in the subsequent amended complaints which he filed after the original and first amended complaints were dismissed by the court. See Dee v. Southern Brewing Co., 146 Fla. 588, 1 So.2d 562 (1941).
It is a long established rule of law that an original pleading is superseded by an amended pleading which does not indicate an intention to preserve any portion of the original pleading. Downtown Investments, Ltd. v. Segall, 551 So.2d 561 (Fla. 3d DCA 1989), review denied, 563 So.2d 633 (Fla. 1990). In this instance, the original and first amended complaints are superseded by the second, third, and fourth amended complaints, all of which failed to reassert or mention the respondeat superior negligence claim against the Board. That claim, therefore, has been abandoned by appellant and cannot be resurrected in this appeal.
Turning to the second point in the appeal, appellant urged this court to reverse the summary judgment entered for the Board on appellant's section 1983 claim. The appellant's section 1983 claim against the Board stems from beatings he received while at the Hillsborough County Jail from at least two named correctional officers, Leroy Edwards and Michael Wygen. In order to allege and prove an actionable section 1983 claim against the Board, the appellant was required to establish that the governmental officials or employees, of whose actions he complains, deprived him of his constitutional rights by acting pursuant to an official policy or custom of that governmental entity even if that particular custom had not been formally sanctioned or ordered. See Raben-Pastal v. City of Coconut Creek, 573 So.2d 298 (Fla. 1990) (citing Monell v. Dep't of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)). That policy or custom must be the "moving force behind the constitutional violation" alleged. See City of Canton v. Harris, 489 U.S. 378, 379, 109 S.Ct. 1197, 1199, 103 L.Ed.2d 412, 419 (1989).
Harris dealt specifically with an allegation, like that sought to be established in this case, that the failure to train employees properly resulted in liability under section 1983. As stated in Harris, "[o]nly where a municipality's failure to train its employees in a relevant respect evidences a `deliberate indifference' to the rights of its inhabitants can such a shortcoming be properly thought of as a city `policy or *238 custom' that is actionable under section 1983." 109 S.Ct. at 1205.
Applying those general principles to the case before us, the affidavits the Board introduced in support of summary judgment established unequivocally that the assault and battery of appellant by the correctional officers was contrary to the Board's express policies or customs and that any such conduct by the officers would result in disciplinary measures and termination if necessary. In addition, the affidavit of the head jail official showed that the Board had a policy of conducting criminal history checks on all applicants for employment at the jail. The only affidavit or evidence filed in opposition to the motion was that of a psychologist who concluded that a criminal history check was not a sufficient basis for determining prior violent conduct by an applicant being hired for a position as a correctional officer. He further stated that a veteran's military career record would be relevant evidence in evaluating an applicant's prior violent conduct. However, there is nothing in the record linking this psychologist's opinions to a hiring policy or custom of the Board that would demonstrate the Board's "deliberate indifference" or violation of appellant's constitutional rights.
We, therefore, conclude that the trial court was correct in finding there was no genuine issue of material fact offered by appellant sufficient to establish an actionable section 1983 claim against the Board, and summary judgment was appropriate as a matter of law. See Holl v. Talcott, 191 So.2d 40 (Fla. 1966); Kash N' Karry Wholesale Supermarkets, Inc. v. Garcia, 221 So.2d 786 (Fla. 2d DCA), cert. denied, 229 So.2d 869 (Fla. 1969).
The appellant's final argument that the trial court should have permitted rehearing of the summary judgment for the reason that the summary judgment was entered prematurely in that he needed an opportunity to complete discovery of extensive documents of jail incident reports is similarly unpersuasive. The appellant had more than ample time, about four years, during which to obtain discovery of those documents from the time that the initial complaint was filed alleging a section 1983 claim against the Board, and appellant has not alleged, either in this appeal or elsewhere in the record, any obstruction or discovery violation by the Board preventing such discovery. See Leviton v. Philly Steak-Out, Inc., 533 So.2d 905 (Fla. 3d DCA 1988).
Affirmed.
LEHAN, A.C.J., and FRANK, J., concur.
NOTES
[1] This section provides:

Civil action for deprivation of rights
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.