749 So.2d 520 (1999)
STONE'S THROW CONDOMINIUM ASSOCIATION, INC., a Florida corporation, Appellant,
v.
SAND COVE APARTMENTS, INC., Deeb Contractors, Inc., Mouriz Salazar & Associates, Inc., and George Mouriz, Appellees.
No. 98-02012.
District Court of Appeal of Florida, Second District.
December 17, 1999.
*521 Herbert O. Brock, Jr. of Becker & Poliakoff, P.A., Fort Myers, for Appellant.
Patricia L. Douglas, Alicia J. Schumacher and R.J. Haughey of Bush, Ross, Gardner, Warren & Rudy, P.A., Tampa, for Appellees Mouriz Salazar & Associates, Inc. and George Mouriz.
CAMPBELL, Acting Chief Judge.
This action arises out of the design and construction of a condominium building. After discovering certain building code violations, appellant, Stone's Throw Condominium Association (STCA), filed suit against numerous parties who had been involved. The key claims, however, for purposes of this appeal, are: (1) a section 553.84, Florida Statutes (1995), claim that the architectural firm, appellees Mouriz Salazar & Associates, Inc., and George Mouriz, individually (referred to collectively as "Mouriz"), had violated the state minimum building codes; and (2) a negligent misrepresentation claim against Mouriz, alleging that they had negligently misrepresented that the state minimum building codes had been met when they had not. On the motion of Mouriz, the trial court dismissed the negligent misrepresentation claim with prejudice. The section 553.84 claim, made in the initial complaint, was dismissed without prejudice, but was never repled. We reverse the dismissal of the negligent misrepresentation claim, and affirm the dismissal of the section 553.84 claim because it was not properly preserved for review.
STCA was formed to operate Stone's Throw Condominium. Appellees Sand Cove Apartments, Inc. ("Sand Cove") and Deeb Contractors, Inc. ("Deeb") were the developers of the condominium. Deeb was also the contractor. Appellee Mouriz Salazar & Associates is the Florida architectural firm that was responsible for the design of the condominium's buildings and improvements and for administration of construction. Appellee George Mouriz is a licensed Florida architect who designed the buildings and improvements comprising the condominium and also administered their construction on behalf of Mouriz Salazar & Associates. A procedural history of the litigation in the trial court as it pertained to Mouriz is important to our decision.
STCA filed a complaint against the defendants as follows: Count Ibreach of implied warranty against Deeb; Count IIviolation of section 553.84, Florida Statutes (1995) (violation of minimum building codes) against all defendants; and Count IIInegligence against Mouriz. Sand Cove and Deeb moved to dismiss Counts I and II for failure to state a cause of action, and Mouriz also moved to dismiss Counts II and III of the complaint. The trial court granted the Mouriz motion to dismiss Counts II and III based on the economic loss rule, giving STCA leave to amend. The trial court also granted Sand Cove and Deeb's motion to dismiss Counts I and II with leave to amend.
STCA filed an amended complaint as follows: Count Ibreach of implied warranty against Sand Cove; Count II breach of implied warranty against Deeb as developer; Count IIIbreach of implied warranty against Deeb as contractor; Count IVviolation of section 553.84, Florida Statutes (1995), only against Deeb and Sand Cove; Count Vnegligent misrepresentation against Mouriz for negligently representing that building codes had been met when they had not. Mouriz filed a motion to dismiss Count V of the amended complaint, again arguing that the economic loss rule barred the negligent misrepresentation count against them.
STCA again moved to amend the complaint and also to add as additional parties Cabrero Ramos Architects, Inc., Masonite Corporation, and International Paper. STCA then filed a second amended complaint as follows: Count Ibreach of implied warranty against Sand Cove; Count IIbreach of implied warranty against Deeb as developer; Count IIIbreach of implied warranty against Deeb as contractor; *522 Count IVviolation of section 553.84, Florida Statutes (1995), against only Deeb and Sand Cove; Count Vnegligent misrepresentation against Mouriz; Count VInegligent misrepresentation against Cabrera; Count VIIbreach of written express warranty against International Paper and Masonite; Count VIIIbreach of oral express warranty against International Paper and Masonite; and Count X breach of implied warranty against International Paper and Masonite.
The court again granted without prejudice a motion to dismiss Count V filed by Mouriz. With leave of court, STCA filed a substitute second amended complaint that alleged as follows: Count Ibreach of implied warranty against Sand Cove; Count IIbreach of implied warranty against Deeb as developer; Count IIIbreach of implied warranty against Deeb as contractor; Count IVviolation of section 553.84, Florida Statutes (1995), against only Deeb and Sand Cove; Count Vnegligent misrepresentation against Mouriz; Count VInegligent misrepresentation against Cabrera; Count VIIbreach of written express warranty against International Paper and Masonite; Count VIIIbreach of oral express warranty against International Paper and Masonite; Count IXbreach of contract against International Paper and Masonite; and Count Xbreach of implied warranty against International Paper and Masonite.
Mouriz again moved to dismiss Count V, alleging that the economic loss rule barred the negligent misrepresentation count against them. The court finally granted the motion and dismissed that count with prejudice. The trial judge concluded that the attempted negligent misrepresentation claim was not independent of any possible contract claim, and therefore, was not an available cause of action under the economic loss rule as expressed by this court in Sandarac Ass'n, Inc. v. W.R. Frizzell Architects, Inc., 609 So.2d 1349 (Fla. 2d DCA 1992). Accordingly, the court dismissed STCA's negligent misrepresentation claim with prejudice. Sandarac has since been effectively overruled by Moransais v. Heathman, 744 So.2d 973 (Fla. 1999), rehearing denied, No. 92,199 (Fla. 1999), insofar as it may be interpreted as barring, by reason of the economic loss rule, an action for professional malpractice.
The Moransais decision has two important holdings that apply to this appeal. The supreme court first held "that the economic loss rule does not bar a cause of action against a professional for his or her negligence even though the damages are purely economic in nature and the aggrieved party has entered into a contract with the professional's employer." 744 So.2d at 983-84. That holding requires us to reverse and remand the trial court's dismissal of the negligent misrepresentation claim pleaded by appellant insofar as that dismissal was based upon the economic loss rule.
The second relevant holding of Moransais is that "Florida recognizes a common law cause of action against professionals based on their acts of negligence despite the lack of a direct contract between the professional and the aggrieved party." 744 So.2d at 984. The issue presented by that holding has not been addressed by the trial court in this case. The appellant in this case had no contractual relationship or privity with appellee Mouriz. The Mouriz contractual relationship was with the developer and/or the contractor. However, the Moransais decision relies upon First Florida Bank, N.A. v. Max Mitchell & Co., 558 So.2d 9 (Fla.1990). In doing so, the Moransais court held:
In First Florida Bank, N.A. v. Max Mitchell & Co., 558 So.2d 9 (Fla.1990), we recognized a cause of action for negligent misrepresentation. There, First Florida Bank sued Mitchell, an accountant, who had prepared a financial statement which misstated the assets of Mitchell's client, C.M. Systems, and which failed to disclose C.M. Systems' significant debt. Relying on the financial statement, the bank lent sums to *523 C.M. Systems, which it never repaid. Accordingly, the bank sued Mitchell in negligence based on his misrepresentations in the financial statement. On appeal, we addressed whether the lack of contractual privity between the bank and Mitchell precluded a cause of action against the accountant for the inaccurate financial statements. After recognizing an erosion in the privity requirement in cases involving negligently manufactured products, negligently constructed building projects, [FN9], negligently performed legal services, [FN10] and negligently prepared land abstracts [FN11] we held that the absence of privity should not bar a cause of action against an accountant who negligently prepares a financial statement by those persons whom the accountant knows will rely on the statement. 558 So.2d at 13-15. In so holding, we adopted the rationale of section 522 of the Restatement (Second) of Torts (1976), [FN12] which set forth the circumstances for negligent misrepresentation.
744 So.2d at 982.
That issue, whether a special relationship existed between appellant and appellee Mouriz so as to support a cause of action based upon negligence, has not been addressed by the trial court. On remand, amendment to the pleadings should be liberally allowed, if necessary, and the trial judge should address that issue if successfully framed by the pleadings.
We turn next to the validity of the dismissal of the section 553.84 claim without prejudice as to Mouriz. The above procedural history reveals that that claim was only repled as to Deeb and Sand Cove; it was never repled as to Mouriz. Accordingly, Mouriz argues that STCA has waived its right to have this court review that dismissal. STCA argues, however, that its original attempt to plead a section 553.84 cause of action against Mouriz survives under section 59.06, Florida Statutes (1995), which specifically allows appellate courts to review dismissals where the pleadings are amended. See § 59.06(2), Fla. Stat. (1995).
Unfortunately, no cases of recent vintage discuss whether section 59.06 applies to a plaintiff who fails to preserve in subsequent pleadings a claim that is dismissed without prejudice, and the older common law cases applying section 59.06 deal mainly with a defendant pleading to a bill after a demurrer has been denied. See Franklin Phosphate Co. v. International Harvester Co., 62 Fla. 185, 57 So. 206 (1911); Tampa & J. Ry. Co. v. Harrison, 55 Fla. 810, 46 So. 592 (1908). Without discussing the propriety of a statutory regulation of judicial procedures, we find section 59.06 inapplicable. Instead, we find Arthur v. Hillsborough County Board of Criminal Justice, 588 So.2d 236 (Fla. 2d DCA 1991), to be directly on point, where we held:
It is a long established rule of law that an original pleading is superseded by an amended pleading which does not indicate an intention to preserve any portion of the original pleading. Downtown Investments, Ltd. v. Segall, 551 So.2d 561 (Fla. 3d DCA 1989), review denied, 563 So.2d 633 (Fla.1990). In this instance, the original and first amended complaints are superseded by the second, third, and fourth amended complaints, all of which failed to reassert or mention the respondeat superior negligence claim against the Board. That claim, therefore, has been abandoned by appellant and cannot be resurrected in this appeal.
588 So.2d at 237.
We, therefore, hold that STCA's attempt to plead a section 553.84 statutory cause of action against Mouriz has not been preserved for our review.
Affirmed in part; reversed in part and remanded.
FULMER and WHATLEY, JJ., Concur.