WARNER, J.
The issue presented in this case is whether county fire rescue personnel are absolutely immune from liability under section 1983 of the Civil Rights Act of 1871. We hold that these county employees do not have absolute immunity. We therefore reverse the trial court’s ruling to the contrary.
Alverna Brown, as personal representative of her husband Oral Brown’s estate, sued several defendants, including the ap-pellees herein who are all employees of the Broward County Fire Rescue Squad, for civil rights violations in connection with Oral Brown’s death. Her complaint alleged that Oral Brown suffered a seizure while driving which resulted in a car accident. He was dazed when he exited the vehicle, and the defendants and sheriff’s deputies on the scene believed that he might be having a diabetic attack. He was not suspected of any criminal activity. Unable to talk, Brown began to walk away from the scene and did not respond to orders to stop walking. The complaint alleges that the appellees and others began to “violently physically handle and mistreat” Brown, aggressively bringing him to the ground and eventually hog-tying him, placing him face down on the ground. Brown had trouble breathing but was tied face down to a stretcher and was not permitted to turn over. He was transported to the hospital but was given no medical attention en route. During transport he suffered a grand mal seizure. At the hospital he was declared dead from positional asphyxiation as a result of the hog-tie restraint. As to the appellees, the complaint alleged that at all times they were operating within the course and scope of their employment as fire rescue personnel.
The appellees filed motions to dismiss the complaint alleging that they were entitled to absolute immunity, or in the alternative, qualified immunity. After hearing, the court granted the motion and found that the appellee fire rescue squad employees were entitled to absolute immunity on the basis of section 768.28(9)(a), Florida Statutes, as interpreted by Hill v. Department of Corrections, 513 So.2d 129 (Fla.1987). This appeal follows.
In Hill, our supreme court considered whether section 768.28(1), Florida Statutes, waived sovereign immunity for section 1983 claims under the Civil Rights Act for a state agency, the Department of Corrections. The court explained that, “Congress, in enacting section 1983, did not intend to override the traditional sovereign immunity of the States.” Id. The policy of sovereign immunity was so well established by the time of the enactment of the Civil Rights Act of 1871 that Congress would have specifically stated if it had intended to abrogate the doctrine. Thus,
*449 a state’s “traditional” sovereign immunity, to the extent that the state has preserved it, would also bar a Section 1983 damage action in the state’s own courts.... Thus, a state’s own courts may not entertain such an action against a state or its agencies, unless the state has in that respect waived its sovereign immunity.
Id. at 132. The state’s waiver of sovereign immunity is contained in section 768.28, Florida Statutes. Reviewing that statute, the court concluded that it waived sovereign immunity only for traditional state tort suits for damages and not for section 1983 claims.
The trial court erred in relying on Hill, as it is factually inapplicable. Hill involved a state agency, the Department of Corrections. This suit involves members of the Broward Fire Rescue Squad who are county officers or employees. The issue then is whether the county and its employees are immune from a section 1983 suit to the same degree that the state government is. The United States Supreme Court has answered that question in the negative.
In Howlett v. Rose, 537 So.2d 706 (Fla. 2d DCA 1989), rev’d, 496 U.S. 356, 110 S.Ct. 2430, 110 L.Ed.2d 332 (1990), a minor brought an action pursuant to section 1983 against the school board and several school officials. The trial court dismissed the complaint. On appeal, the Second District relied on Hill and held “that the State of Florida has not waived its sovereign immunity from suits against it in its own state courts except to the extent provided in section 768.28, Florida Statutes (1985) for traditional state tort actions.” Id. at 707. It therefore determined that the school board and its officials had absolute immunity from a section 1983 claim filed in state court. The Florida Supreme Court denied review in Howlett v. Rose, 545 So.2d 1367 (Fla.1989). However, the United States Supreme Court granted certiorari review of the case.
In its opinion striking down the Florida decision, Justice Stevens, writing for the court, first addressed Hill. He noted:
On its facts, the disposition of the Hill case would appear to be unexceptional. The defendant in Hill was a state agency protected from suit in a federal court by the Eleventh Amendment. (Citations omitted). As we held last Term in Will v. Michigan Dept. of State Police, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989),.... Will establishes that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal court or state court.
496 U.S. at 365, 110 S.Ct. 2430 (emphasis added). Justice Stevens then addressed the problem with the extension of Hill by the District Court of Appeal in Howlett:
The language and reasoning of the State Supreme Court, if not its precise holding, however, went further. That further step was completed by the District Court of Appeal in this case. As that court construed the law, Florida has extended absolute immunity from suit not only to the State and its arms but also to municipalities, counties, and school districts that might otherwise be subject to suit under § 1983 in federal court. That holding raises the concern that the state court may be evading federal law and discriminating against federal causes of action. The adequacy of the state-law ground to support a judgment precluding litigation of the federal claim is itself a federal question which toe review de novo.
Id. at 365-66, 110 S.Ct. 2430 (emphasis added). The opinion then quite emphatically and forcefully maintained that the *450 state court’s refusal to hear the section 1983 claim against the school board was a violation of the supremacy clause and the principle that “federal law” is the “law of the land.”
Quoting from Martinez v. California, 444 U.S 277, 100 S.Ct. 553, 62 L.Ed.2d 481 (1980), Justice Stevens said:
Conduct by persons acting under color of state law which is wrongful under 42 U.S.C. § 1983 or § 1985(3) cannot be immunized by state law. A construction of the federal statute which permitted a state immunity defense to have controlling effect would transmute a basic guarantee into an illusory promise; and the supremacy clause of the Constitution insures that the proper construction may be enforced. See McLaughlin v. Tilendis, 398 F.2d 287, 290 (7th Cir.1968). The immunity claim raises a question of federal law.
Pointing to a similar issue in which the Court overturned the application of a state notice of claim statute to section 1983 claims in Felder v. Casey, 487 U.S. 131, 108 S.Ct. 2302, 101 L.Ed.2d 123 (1988), the Court again bluntly declared:
The decision to subject state subdivisions to liability for violations of federal rights ... was a choice that Congress, not the Wisconsin Legislature, made, and it is a decision that the State has no authority to override.
Id. at 377, 110 S.Ct. 2430. Justice Stevens then disposed of the District Court’s opinion:
While the Florida Supreme Court’s actual decision in Hill is consistent with the foregoing reasoning, the Court of Appeal’s extension of Hill to persons subject by § 1983 to liability is flatly inconsistent with that reasoning and the holdings in both Martinez and Felder. Federal law makes governmental defendants that are not arms of the State, such as municipalities, liable for their constitutional violations.... To the extent that the Florida law of sovereign immunity reflects a substantive disagreement with the extent to which governmental entities should be held liable for their constitutional violations, that disagreement cannot override the dictates of federal law.
Id. at 377-78, 110 S.Ct. 2430 (citations omitted). Thus, the Court determined that sovereign immunity did not bar a suit against the School Board of Hillsborough County.
Our supreme court relied on the holding in Howlett in Town of Lake Clarke Shores v. Page, 569 So.2d 1256 (Fla.1990), when it held that sovereign immunity does not bar section 1983 claims against municipalities in state courts. Howlett has also been applied to a county entity. In Arthur v. Hillsborough County Board of Criminal Justice, 563 So.2d 94 (Fla. 2d DCA 1990), vacated by 498 U.S. 801, 111 S.Ct. 27, 112 L.Ed.2d 6 (1990), the Second District dismissed Arthur’s section 1983 action against the Hillsborough County Board of Criminal Justice based on its earlier decision in Howlett and the Florida Supreme Court’s decision in Hill. Arthur petitioned for cer-tiorari to the United States Supreme Court, which granted certiorari and vacated the opinion for reconsideration based upon its Howlett opinion. See 498 U.S. 801, 111 S.Ct. 27, 112 L.Ed.2d 6. On remand the second district stated that, “The United States Supreme Court, while approving that ultimate holding in Hill, rejected this court’s extension of Hill in Howlett, 537 So.2d at 706, to provide immunity from section 1983 suits, not only to the state and its agencies, but also to municipalities, counties, and school districts.” Arthur v. Hillsborough County Bd. of Criminal Justice, 588 So.2d 236, 237 (Fla. 2d DCA 1991). Therefore, the appel *451 late court found that Arthur’s claim against the county board was now properly before the court.
The Eleventh Circuit has also held that Florida counties and the counties’ officers are not immunized from section 1983 claims. See Abusaid v. Hillsborough County Bd. of County Comm’rs, 405 F.3d 1298 (11th Cir.2005). In addition, the United States Supreme Court has several times asserted in various contexts that counties are independent entities and not arms of the state for purposes of Eleventh Amendment immunity or sovereign immunity. See, e.g., N. Ins. Co. of New York v. Chatham County, Ga., — U.S. -, 126 S.Ct. 1689, 164 L.Ed.2d 367 (2006) (county not arm of the state); Moor v. Alameda County, 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973) (determining that county was not arm of state, even though state constitution declared it to be a legal subdivision of state). We also have come to the same conclusion that the county is not a mere extension of the state in Jenne v. Maranto, 825 So.2d 409 (Fla. 4th DCA 2002) (“The Counties are political subdivisions but they are not the State itself.”).
The law is thus well settled that counties and thus their employees may not claim sovereign immunity to a section 1983 claim. While Hill is still good law as to the sovereign immunity of the state and its agencies, Howlett establishes that no sovereign immunity is enjoyed by other governmental entities. The trial court thus erred in extending sovereign immunity to the Broward County Fire Squad officers.[1]
We reverse and remand for further proceedings. While appellees ask us to decide whether the dismissal was still correct on the basis of qualified immunity, we decline to decide that issue on a motion to dismiss.

Reversed.

KLEIN and GROSS, JJ., concur.

. Appellees also cite Stephens v. Geoghegan, 702 So.2d 517 (Fla. 2d DCA 1997), as being directly on point. However, the section 1983 liability of the police officers in that case was decided on qualified immunity, not sovereign immunity.