687 So.2d 61 (1997)
LOVIN MOOD, INC., Appellant,
v.
Doreen BUSH and James Bush, Appellees.
No. 96-2614.
District Court of Appeal of Florida, First District.
January 31, 1997.
David W. Hiers and Robert D. Bell of Bell, Schuster, Wheeler & Hiers, P.A., Pensacola, for Appellant.
Roger M. Sherman, Pensacola, for Appellees.
PER CURIAM.
Lovin Mood, Inc., appeals an amended nonfinal order denying its motion for summary judgment in a negligence action brought by employee Doreen Bush for injuries sustained by Bush in an attack and rape committed by an alleged "customer" in its *62 store. Lovin Mood sought summary judgment based on the immunity provided by section 440.11 of the Worker's Compensation Law. Holding that Lovin Mood is entitled to such immunity, we reverse and remand.
This court has jurisdiction to review the order appealed, as no material facts are in dispute and the only issue remaining is whether Lovin Mood is entitled to worker's compensation immunity as a matter of law. See rule 9.130(a)(3)(C)(vi), Fla. R.App. P.; Gustafson's Dairy, Inc. v. Phiel, 681 So.2d 786 (Fla. 1st DCA 1996)("As in Hastings [v. Demming, 682 So.2d 1107 (Fla. 2d DCA 1996)], we conclude that Rule 9.130(a)(3)(C)(vi) is intended `to apply only when an appellate court is presented with a record with facts so manifest it can readily conclude that a plaintiff's exclusive remedy is in fact workers' compensation....'").
On the day of the attack, Bush was working alone in Lovin Mood's Mariner Mall location, a store located in a somewhat isolated area of the mall. At approximately 11:45 a.m., a lone male "customer" entered Lovin Mood and asked Bush if they carried a certain type of underwear. The "customer" lured Bush to the rear of the store and suddenly began beating her about the head. The "customer" then dragged her into the store's back office and raped her.
We hold that these undisputed facts establish the necessary causal connection between Bush's injuries and her employment. See § 440.09(1) Fla. Stat.; and see, e.g., Jean Barnes Collections v. Elston, 413 So.2d 797 (Fla. 1st DCA 1982)(rejecting employer's contention that claimant's injury resulting from assault and rape did not arise out of course and scope of employment where claimant was traveling at employer's request); Jenkins v. Wilson, 397 So.2d 773 (Fla. 1st DCA 1981)(rejecting employer's contention that claimant's injury resulting from rape in company parking lot did not arise out of her employment where employment created the hazard, i.e., claimant worked late). Accordingly, Bush's injuries fall within the exclusivity provision of section 440.11 and Lovin Mood is entitled to the immunity provided thereby.
We REVERSE and REMAND with directions for the trial court to enter judgment for Lovin Mood.
BOOTH, WOLF and PADOVANO, JJ., concur.