941 So.2d 505 (2006)
Carla RUIZ and Antonio Ruiz, her husband, Appellants,
v.
AEROREP GROUP CORP. d/b/a Aeropostal, Appellees.
No. 3D05-1460.
District Court of Appeal of Florida, Third District.
November 8, 2006.
*506 Lorenzo & Capua and Peter Marcellus Capua, Miami, for appellants.
Ricardo E. Pines, Coral Gables, for appellees.
Before RAMIREZ, ROTHENBERG, and LAGOA, JJ.
ROTHENBERG, Judge.
Carla Ruiz and Antonio Ruiz appeal an order dismissing their claims against Aerorep Group Corp. d/b/a Aeropostal ("Aeropostal") for failure to state a cause of action. We affirm.
Carla Ruiz was an employee of Aeropostal. She alleges that on July 4, 2004, while she was working, her supervisor, Jimmy Espinosa, pushed her and caused her to strike her abdominal area against a counter. She alleges that she reported this incident to various managers and to Aeropostal's human resources department, verbally and in writing, but they took no corrective measures or disciplinary action against Espinosa. Mrs. Ruiz claims that, although Aeropostal changed Espinosa's schedule so that he did not work while she was working on Wednesdays and Thursdays, Aeropostal scheduled him to work with her on Sundays. She further alleges that when she went to work on the Sunday after the incident, Espinosa verbally abused and threatened her, and that when she reported this to a manager the next day, she was told that nothing further would be done. Mrs. Ruiz reported Espinosa's alleged battery to law enforcement, which conducted an investigation of the incident. On July 29, 2004, Aeropostal terminated Mrs. Ruiz's employment.
Subsequently, the Ruizes filed a complaint, which included a count alleging a cause of action under Florida's Private Sector Whistleblower's Act, § 448.101, et seq., Fla. Stat. (2003)("Whistleblower's Act"). The trial court dismissed this count, and the Ruizes filed an amended complaint also setting forth a count alleging a Whistleblower's Act violation. The trial court again dismissed the count alleging a Whistleblower's Act violation. The Ruizes filed a second amended complaint, which omitted a Whistleblower's Act violation claim and instead, added a claim against Aeropostal for battery, based upon the principles of respondeat superior and employer ratification. The trial court dismissed this claim with prejudice. The complaint and each of the amended complaints contained a derivative count on behalf of Mr. Ruiz for loss of consortium, which the trial court also dismissed. The Ruizes do not appeal the dismissal of their derivative claim, but do appeal the dismissal of their claims alleging a violation of the Whistleblower's Act and battery.
"Because a ruling on a motion to dismiss for failure to state a cause of action is an issue of law, it is reviewable on appeal by the de novo standard of review." *507 Susan Fixel, Inc. v. Rosenthal & Rosenthal, Inc., 842 So.2d 204, 205 (Fla. 3d DCA 2003).
Because we conclude that the Ruizes have not properly preserved for review the dismissal of their Whistleblower's Act cause of action, we affirm the trial court's dismissal of this count. The Ruizes' initial and first amended complaints alleging a cause of action under the Whistleblower's Act were superseded by the second amended complaint, which did not allege a cause of action under the Whistleblower's Act and did not indicate an intention to preserve any part of the prior complaints. See Arthur v. Hillsborough County Bd. of Criminal Justice, 588 So.2d 236, 237 (Fla. 2d DCA 1991); Downtown Invs., Ltd. v. Segall, 551 So.2d 561, 562 (Fla. 3d DCA 1989), review denied, 563 So.2d 633 (Fla. 1990). By failing to reassert a claim for a Whistleblower's Act violation in the second amended complaint, the Ruizes abandoned the claim and cannot resurrect it on appeal. Arthur, 588 So.2d at 237.
We additionally conclude that even if the Ruizes had preserved for appellate review the dismissal of their Whistleblower's Act claim, we would affirm the trial court's ruling because we agree that the complaint and amended complaint did not allege a valid cause of action under the Whistleblower's Act. The Whistleblower's Act prohibits an employer from taking any retaliatory action against an employee for providing information to a governmental agency investigating a violation by the employer of a law, rule, or regulation. See § 448.102, Fla. Stat. (2003); Sussan v. Nova Se. Univ., 723 So.2d 933 (Fla. 4th DCA 1999). In the instant case, the amended complaint alleged that Jimmy Espinosa, an employee of Aeropostal, not Mrs. Ruiz's employer, committed a battery upon her.
Although an employer may be responsible for the actions of an employee under certain circumstances, those circumstances have not been alleged in the instant case. An employer is responsible for an intentional tort committed by an employee if the employee committed the tort while acting within the course and scope of his employment, with the purpose of benefiting the interests of the employer. Gowan v. Bay County, 744 So.2d 1136, 1138 (Fla. 1st DCA 1999); Bryant v. CSX Transp., Inc., 577 So.2d 613, 615 (Fla. 1st DCA 1991); Tallahassee Furniture Co., Inc. v. Harrison, 583 So.2d 744, 758 (Fla. 1st DCA 1991); Perez v. Zazo, 498 So.2d 463, 465 (Fla. 3d DCA 1986). As the amended complaint in the instant case failed to set forth any factual allegation supporting that Mrs. Ruiz's co-employee battered Mrs. Ruiz with the purpose of benefiting the interests of Aeropostal, the trial court was correct in dismissing their claims alleging a Whistleblower's Act violation.
The trial court also did not err in dismissing the Ruizes' battery claim against Aeropostal in the second amended complaint which was premised on the theories of respondeat superior and ratification. The second amended complaint specifically alleged that Espinosa's battery of Mrs. Ruiz occurred within the course and scope of their employment. When an employee's injury arises out of the course and scope of his or her employment, worker's compensation is the exclusive remedy for the injury, and the employer is provided with immunity from any other liability for the injury. FCCI Ins. Co. v. Horne, 890 So.2d 1141, 1143 (Fla. 5th DCA 2004); Lovin Mood, Inc. v. Bush, 687 So.2d 61, 62 (Fla. 1st DCA 1997). While there are exceptions to worker's compensation immunity, there are no allegations in the *508 second amended complaint supporting the applicability of any of the exceptions. Although workers' compensation immunity usually cannot be raised in a motion to dismiss, an exception exists allowing the defense to be raised in a motion to dismiss where the defense appears on the face of the complaint. Roberts v. Cadco Builders, Inc., 694 So.2d 845, 846 (Fla. 2d DCA 1997); Gen. Cinema Beverages of Miami v. Mortimer, 689 So.2d 276, 277-78 (Fla. 3d DCA 1995). Therefore, pursuant to the allegations set forth in the second amended complaint, because Aeropostal was entitled to worker's compensation immunity for Mrs. Ruiz's battery, the trial court properly dismissed their battery claim against Aeropostal.
Affirmed.