[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-12265
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 6, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-22222-CV-MCG

LUMBERMENS MUTUAL
CASUALTY COMPANY,

Plaintiff-Counter-
Defendant-Counter
Claimant-Appellant,

versus

DADELAND COVE SECTION ONE
HOMEOWNERS ASSOCIATION,
a Florida Non-Profit Corporation
formerly known as Dadeland Cove
Homeowners Association, Inc.,
DADELAND COVE SECTION TWO
HOMEOWNERS ASSOCIATION,
a Florida Non-Profit Corporation, Inc.,

Defendants-Appellees,

RAQUEL NOBO-ALVAREZ,

Defendant-Counter
Claimant-Counter
Defendant-Appellee,

GARY GROSS,
JOHN DOES 1-600,

                                        Defendants-Counter
                                        Claimants-Appellees,


SUSANA DELAMZA WOLFFE,
VINICIUS WOLFFE,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court for the
Southern District of Florida
_____

**(October 6, 2008)**

Before TJOFLAT, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

On October 11, 2007, the district court, on cross-motions for summary judgment, found that the insurance policy at issue provided the coverage for the insured Association's breaches of fiduciary duty and that exclusion "N" did not apply and granted the Association summary judgment. When Lumbermens refused to pay the policy limits, the Association, on October 31, 2001, moved the court to reopen the case and enforce the parties' settlement agreement. On November 2, 2007, Lumbermens moved the court pursuant to Fed. R. Civ. P. 60(b)

"for relief from its October 11, 2007 order denying Lumbermens's motion for summary judgment and granting [Association's] motion for summary judgment." The court treated the motion as having been filed under Rule 60(b)(1) and denied it in an order entered on March 27, 2008. Lumbermens now appeals that order.

We find no error in the court's application of the law in its March 27 order. We therefore concluded that the court did not abuse its discretion in denying Lumbermens's Rule 60(b)(1) motion.

**AFFIRMED.**