998 So.2d 677 (2009)
INDIAN HARBOR INSURANCE COMPANY, Appellant,
v.
Brant WILLIAMS, an individual doing business under the fictitious name Star Roofing Construction; and Samuel Moore, an individual, Appellees.
Eddie Brown, Appellant,
v.
Indian Harbor Insurance Company, Appellee.
Nos. 4D07-3843, 4D07-4732.
District Court of Appeal of Florida, Fourth District.
January 21, 2009.
*678 Jose P. Font and Laurie-Ann Sharpe of Vernis & Bowling of Broward County, P.A., Fort Lauderdale, for appellant/appellee Indian Harbor Insurance Company.
Diane H. Tutt of Diane H. Tutt, P.A., Davie, for appellees/appellants Samuel Moore and Eddie Brown.
POLEN, J.
This consolidated appeal arises from two separate actions for declaratory relief filed by appellant, Indian Harbor Insurance Company ("Indian Harbor"), to determine whether its insured, Brant Williams d/b/a Star Roofing Corporation ("Williams"), was entitled to coverage for negligence claims brought against him by his employees, Eddie Brown and Samuel Moore, for injuries they sustained within the course and scope of their employment. As to material facts, the two cases are identical. The sole issue for consideration is the interpretation of a single exclusion in a commercial general liability policy. In Brown's case, the trial court granted Indian Harbor's motion for final summary judgment, finding the policy unambiguous and that Williams was not entitled to coverage. The opposite occurred in the Moore case, where, via summary judgment as well, the court held that the policy did cover Williams for the negligence claim brought against him by his employee. We affirm in Brown and reverse in Moore.[1]
Insurance policies are construed according to their plain meaning, with any ambiguities construed against the insurer. U.S. Fire Ins. Co. v. J.S.U.B., Inc., 979 So.2d 871, 877 (Fla.2007); see also Berkshire Life Ins. Co. v. Adelberg, 698 So.2d 828, 830 (Fla.1997) (an "insurer, as the writer of an insurance policy, is bound by the language of the policy, which is to be construed liberally in favor of the insured and strictly against the insurer").
In general, exclusionary clauses are strictly construed in a manner that affords the insured the broadest possible coverage. See Westmoreland v. Lumbermens Mut. Cas. Co., 704 So.2d 176, 179 (Fla. 4th DCA 1997).
The exclusion at issue (the "workers' compensation exclusion"), found under COVERAGE ABODILY INJURY AND PROPERTY DAMAGE LIABILITY, states:
2. Exclusions
This insurance does not apply to:
. . .
d. Workers Compensation and Similar Laws

*679 Any obligation of the insured under a workers compensation, disability benefits or unemployment compensation law or any similar law.
It is undisputed that Williams violated his statutory duty to maintain workers' compensation insurance for his employees.
Indian Harbor argues that Williams was not entitled to coverage as the policy exclusion unambiguously states that it does not cover workers' compensation obligations. Further, the actions filed against him by Moore and Brown would have been covered by way of a workers' compensation claim if Williams had met his statutory obligation of obtaining workers' compensation insurance. Indeed, under the workers' compensation law, "workers' compensation is the exclusive remedy available to an injured employee as to any negligence on the part of that employee's employer." Eller v. Shova, 630 So.2d 537, 539 (Fla.1993) (citing § 440.11(1), Fla. Stat.); see also Ruiz v. Aerorep Group Corp., 941 So.2d 505, 507 (Fla. 3d DCA 2006) (citing FCCI Ins. Co. v. Horne, 890 So.2d 1141, 1143 (Fla. 5th DCA 2004); Lovin Mood, Inc. v. Bush, 687 So.2d 61, 62 (Fla. 1st DCA 1997)) ("When an employee's injury arises out of the course and scope of his or her employment, worker's compensation is the exclusive remedy for the injury, and the employer is provided with immunity from any other liability for the injury.").
In support of its argument, Indian Harbor cites Florida Insurance Guaranty Ass'n v. Revoredo, 698 So.2d 890, 892 (Fla. 3d DCA 1997), and we adopt the reasoning enunciated in that case. In Revoredo, the issue arose whether an employee's fall and eventual death were excluded from coverage under the employer's commercial general liability policy due to the employer's failure to secure payment of workers' compensation insurance. The liability insurer denied coverage based on the standard employee exclusion, i.e., exclusion for personal injury claims by an employee of the insured arising out of or in the course of his employment. Id. at 891. The policy also contained the same workers' compensation exclusion as in this case  that the insurance does not apply to "any obligation of the insured under the workers' compensation law." Id. The employee took the position that since his employer did not have workers' compensation insurance, and thus, the employee could not make that claim, that the policy exclusions did not apply. Id. at 892. The Third District rejected that argument and found that "both exclusions apply." Id. at 891. The policy was clear on its face that the only coverage intended, and for which the insurance premium was paid, was the liability of the insured to the public. 698 So.2d at 892. The court distinguished the employer's liability to the public from the liability of the insured to its employees, whether or not they were protected by the workers' compensation law. Id. The court went on to hold that Chapter 440 does not make the statutory employer-employee relationship contingent upon the securing of workers' compensation insurance for the employee. Id. "Rather, it is the creation of the statutory employer-employee relationship that establishes the employer's duty to secure compensation." Id.[2]
To the extent appellees attempt to distinguish Revoredo, we find their arguments unavailing.
*680 Accordingly, we affirm the summary judgment in favor of Indian Harbor in the Brown case, and reverse the judgment in favor of the insured in the Moore case. On remand, the trial court in the Moore case shall enter summary judgment for Indian Harbor.
WARNER and MAY, JJ., concur.
NOTES
[1] Moore is the appellee in case No. 07-3843 and Brown is the appellant in case No. 07-4732. However, per this court's order consolidating the two cases, both of these parties were designated as appellees for briefing purposes. Brown, however, seeks a reversal of the trial court's order entered in case No. 07-4732.
[2] Our opinion today addresses only the issue of insurance coverage for Williams under the Indian Harbor policy. Because Williams did not secure workers' compensation insurance for its injured employees, Brown and Moore both have the option of either pursuing workers' compensation claims directly against Williams, or suing Williams in tort. § 440.11(1)(a), Fla. Stat. (2006).