WALLACE, Judge.
Hank Strickland appeals a final summary judgment entered in favor of James M. Moyles, III, and Lenore Jacobs, as Trustee of Coastal Land Trust (Coastal). We affirm the final summary judgment in favor of Mr. Moyles, but we reverse the final summary judgment in favor of Coastal.
I. THE FACTUAL AND PROCEDURAL BACKGROUND
On August 80, 2007, Mr. Strickland filed a one-count complaint for “False Arrest/Imprisonment” against Mr. Moyles, Coastal, and Garth Cooperider. Mr. Strickland’s claim arose from his brief detention in the back of a patrol car on September 5, 2003, almost four years earlier. In his complaint, Mr. Strickland alleged that before September 5, Florida Oil Services, Inc., (Florida Oil), placed certain equipment in an oil change facility leased on its behalf from Coastal. On September 5, in the course of his employment with Florida Oil, Mr. Strickland was supervising the removal of the equipment from the facility when Mr. Moyles and Mr. Cooperi-der, “acting within the course and scope of their employment with ... Coastal Land Trust, advised [him] ... that he should cease and desist from removing the [equipment] ... from the premises or they would call the police and have him arrest *413 ed.” Mr. Strickland alleged further that he “continued to remove the [equipment] ... and ... [Mr.] Moyles ... and [Mr.] Cooperider, acting in the course and scope of them employment, called the police, falsely told the police that the [equipment] ... [was] owned by ... Coastal Land Trust, and instructed the police to arrest ... [Mr.] Strickland.” According to the complaint, upon the defendants’ instruction, “the police arrested [Mr. Strickland], put him in handcuffs[,] and detained him in a police car.” Mr. Strickland alleged that his arrest was unlawful and that the “[defendants in instructing the police to arrest [Mr. Strickland] knew that his arrest was unlawful and unwarranted.”
Mr. Moyles, Coastal, and Mr. Cooperi-der took Mr. Strickland’s deposition and filed the deposition in support of their motion for summary judgment. At the hearing on the motion, they argued that Mr. Strickland’s brief detention was under color of law and thus could not be “false,” that there was no evidence that their actions were in bad faith, and that none of them had instructed the police to arrest Mr. Strickland. Accordingly, they concluded that Mr. Strickland could not establish the elements of his claim.
At the conclusion of the hearing, the circuit court ruled as follows:
[A]s to Defendants Moyles and Jacobs, as trustee of' Coastal Land Trust, that the defendants have met their burden of proof. The court finds there is no genuine issue of material fact and there is nothing in the record that’s been pointed out to the court that would indicate that there is any genuine issue of material fact that either of those defendants procured the arrest of [Mr. Strickland]— and it’s already been stipulated that there is no indication that any defendant instructed the police to arrest [Mr. Strickland]. So I’m going to grant the Motion for Summary Judgement as to Moyles and Jacobs as trustee of Coastal.
Now, as to Mr. Cooperider, the court agrees according to the argument of both sides that there is nothing in the record that shows that Mr. Cooperider instructed the police to arrest [Mr. Strickland;] however, counsel for [Mr. Strickland] has requested an amendment to the pleadings to conform with the evidence, and this court will allow that amendment to delete the word instruct and to interlinéate the word procured[.] ...
[[Image here]]
... On that basis and on the court’s granting of that, the court finds that there is a genuine issue of material fact as to whether Mr. Cooperider, based on the information that he provided to the police, in some way procured the arrest of [Mr. Strickland], the court finds that to be a question for the jury to determine, and, therefore, I’ll deny the Motion for Summary Judgement as to Mr. Cooperider.
Before the conclusion of the hearing, Mr. Strickland’s counsel observed that the complaint sought to hold Coastal vicariously liable for the actions of Mr. Moyles and Mr. Cooperider. Accordingly, because there was an issue of fact remaining concerning Mr. Cooperider’s liability, summary judgment should not be granted in favor of Coastal. In response, the defendants’ counsel argued that Mr. Strickland had merely alleged a one-count complaint against all three defendants and that no claim based on vicarious liability had been pleaded. The circuit court ruled that no claim for vicarious liability had been pleaded in the complaint and adhered to its earlier ruling. After the hearing, the circuit court entered an order denying the motion for summary judgment as to Mr. Cooperider and entered a final summary *414 judgment in favor of Mr. Moyles and Coastal. This appeal followed.
II. DISCUSSION
We affirm the circuit court’s grant of a summary final judgment in favor of Mr. Moyles without further comment. Coastal could only be held liable to Mr. Strickland — if at all — based upon its alleged vicarious liability for the actions of its employees, Mr. Moyles and Mr. Cooperider. As Mr. Strickland’s counsel argued at the hearing in the circuit court, if a genuine issue of fact remained concerning the claim against Mr. Cooperider, then a claim for vicarious liability against his employer, Coastal, had continued vitality. See Ruiz v. Aerorep Group Corp., 941 So.2d 505, 507 (Fla. 3d DCA 2006) (“An employer is responsible for an intentional tort committed by an employee if the employee committed the tort while acting within the course and scope of his employment, with the purpose of benefiting the interests of the employer.”). We conclude that because the complaint stated a claim against Coastal for vicarious liability based on the conduct of its employee, Mr. Cooperider, the circuit court erred in granting a summary judgment in favor of Coastal.
The complaint alleges a single claim against all three defendants for false imprisonment or false arrest.[1] The complaint does not contain a separate count for vicarious liability against Coastal for the actions of Mr. Moyles or Mr. Cooperi-der. In addition, although the complaint alleges that Mr. Moyles and Mr. Cooperi-der were acting within the scope of their employment with Coastal, it does not further describe the nature of their relationship to Coastal. The complaint also fails to allege directly that Coastal is vicariously liable to Mr. Strickland for the conduct of its employees.
On the other hand, the complaint clearly identifies Coastal as a party defendant, and under the facts alleged, vicarious liability for the alleged conduct of Mr. Moyles and Mr. Cooperider is the only possible theory of relief against it. Although the complaint was inartfully drafted,[2] we conclude that the complaint’s allegations are barely sufficient to state a claim against Coastal for vicarious liability for the conduct of Mr. Moyles and Mr. Cooperider. The complaint clearly states that Mr. Moyles and Mr. Cooperider committed the alleged tortious acts within the course and scope of their employment by Coastal. To the extent that Mr. Moyles and Mr. Cooperider actually solicited police involvement to prevent the removal of the equipment from the premises owned by Coastal, one might reasonably infer that they were acting to further the interests of their employer rather than any personal agenda. Thus the vicarious liability of Coastal for the actions of its em *415 ployees was implicated. See Lay v. Roux Labs., Inc., 379 So.2d 451, 453 (Fla. 1st DCA 1980).
We affirm the summary judgment in favor of Mr. Moyles. Because the complaint alleged a claim for vicarious liability against Coastal based upon the conduct of Mr. Cooperider and because the circuit court found that there remained genuine issues of material fact about whether Mr. Cooperider’s conduct constituted the tort of false arrest or imprisonment, we reverse the summary judgment in favor of Coastal, and we remand for further proceedings.
Affirmed in part, reversed in part, and remanded.
WHATLEY and VILLANTI, JJ., Concur.

. This court has recently distinguished the tort of false arrest from the tort of false imprisonment. Mathis v. Coats, 24 So.3d 1284, 1289 (Fla. 2d DCA 2010) (“False arrest and false imprisonment are closely related, but false imprisonment is a broader common law tort; false arrest is only one of several methods of committing false imprisonment.”). Other courts have taken a different view. See, e.g., Andrews v. Fla. Parole Comm'n, 768 So.2d 1257, 1266 (Fla. 1st DCA 2000) ("[FJalse imprisonment and false arrest are essentially the same tort[.]”); Weissman v. K-Mart Corp., 396 So.2d 1164, 1165 n. 1 (Fla. 3d DCA 1981) (“False arrest and false imprisonment are different labels for the same cause of action.”). See generally 32 Am.Jur.2d False Imprisonment § 3 (2007) (discussing the distinction between false imprisonment and false arrest). The distinction between these two torts — or the lack of one — is not pertinent to our disposition of this case.

. We note that Mr. Strickland’s current counsel did not represent him when the complaint was prepared and filed.