MARYLAND CASUALTY COMPANY,
Plaintiff,

v.

INTEGRATION CONCEPTS, INC., a
Florida Corporation, Brian K. Calla-
han, Bowe Williams, and Rebecca
Williams, Defendants.

CASE NO: 14–cv–14231–
MIDDLEBROOKS

United States District Court,
S.D. Florida.

Signed June 24, 2015

John R. Catizone, Dustin Craig Blumenthal, Litchfield Cavo LLP, Fort Lauderdale, FL, for Plaintiff.

G. Michael Keenan, G. Michael Keenan PA, West Palm Beach, FL, Michael Patrick Keenan, Gallagher Keenan PA, Brian Keith Oblow, Gray Robinson, Tampa, FL, Thomas Holland Loffredo, Gray Robinson, Fort Lauderdale, FL, J. Stuart Kirwan, III, Jeff D. Vastola, Vastola & Kirwan, North Palm Beach, FL, for Defendants.

### ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

DONALD M. MIDDLEBROOKS,
UNITED STATES DISTRICT JUDGE

THIS CAUSE comes before the Court upon a Motion for Final Summary Judgment (DE 37), filed by Plaintiff Maryland Casualty Company ("Maryland Casualty") on April 8, 2015. On May 11, 2015, Defendants Bowe Williams and Rebecca Williams filed a Response (DE 47), and Defendants Integration Concepts, Inc. ("Integration") and Brian K. Callahan ("Callahan") also filed a Response (DE 48). On May 28, 2015, Maryland Casualty filed a Reply (DE 51). For reasons stated below, Maryland Casualty's Motion for Summary Judgment is granted.

### BACKGROUND [1]

On June 6, 2014, Maryland Casualty commenced this action for declaratory relief for the purpose of determining its rights and obligations under a commercial general liability insurance policy.[2] (DE 1). Maryland Casualty issued an insurance policy to the named insured, Integration, under policy number PPS 03320423, for a policy period effective from December 31, 2009 to December 31, 2010 (the "Policy"). (DE 1 at ¶ 33). Under the Policy, Maryland Casualty must pay, on behalf of Integration, all sums Integration is "obligated to pay as damages because of 'bodily injury' or 'property damage' to which th[e] insurance applies." (DE 37-2, Policy at 92). The Policy also requires that Maryland Casualty defend against any suit seeking damages for bodily injury. (Id.). In this action, Maryland Casualty seeks a judgment that it has no duty to defend

1. Local Rule 56.1 provides that all motions for summary judgment and oppositions "shall be accompanied by a statement of material facts as to which it is contended that there does not exist a genuine issue to be tried or there does exist a genuine issue to be tried, respectively." S.D. Fla. L.R. 56.1. Although Maryland Casualty did not file a separate statement of material facts, it does include a "statement of undisputed facts" within its motion for summary judgment. In response, however, Defendants do not respond to Maryland Casualty's statement of undisputed facts. Pursuant to Local Rule 56.1, when a party fails to controvert a statement of undisputed facts, "[a]ll material facts set forth in the movant's statement filed and supported ... will be deemed admitted...." S.D. Fla. L.R. 56.1. Thus, for purposes of summary judgment, the facts set forth in Maryland Casualty's Statement of Material Facts are deemed admitted to the extent they are supported by the record. The facts described below are based on those set forth in Maryland Casualty's Statement of Material Facts that are supported by the record.

2. On October 21, 2014, Maryland Casualty moved for leave to amend the Complaint, which was granted on November 17, 2014. (DE 30). The Amended Complaint (DE 31) is the operative pleading.

and, therefore, no duty to indemnify, the named insured, Integration, and its president, Callahan, in connection with an underlying lawsuit—*Bowe and Rebecca Williams v. Integration Concepts, Inc., et al.*, pending in the Circuit Court of the Nineteenth Judicial Circuit in and for St. Lucie County, Florida, Case No. 56–2014–CA–000776 (the "underlying suit").

In the underlying suit, Bowe Williams alleges he sustained bodily injuries when he attempted to remove a flow meter from a water pipe. (DE 37–1, Second Amended Complaint from underlying suit, at ¶ 8). Approximately one year prior to the incident, Integration and Callahan installed a new software program to monitor the flow of water through the reclaimed water system. (DE 37 at 3, ¶ 3). Sometime thereafter, the water flow began registering inaccurate readings. (*Id.*). To determine the cause of the problem, Bowe Williams, Integration, and Callahan held several meetings. (*Id.*). At the meetings, Bowe Williams repeatedly suggested that Callahan analyze the software to make sure it was not the cause of the problem, but each time Callahan refused. (*Id.*).

At the insistence of Integration and Callahan, Bowe Williams replaced the flow meters on four different occasions. (*Id.* at ¶ 4). Each time, the new flow meters registered the same inaccurate readings as the prior ones. (*Id.*). Additional meetings followed, but Callahan continued to refuse to consider the software as the cause of the problem. (*Id.* at ¶ 5). At a meeting one day before the incident, Integration and Callahan suggested a new theory—that the flow meter was causing the problem because it was not properly calibrated by releasing pressurized air. (*Id.* at ¶ 6). At that meeting, Integration and Callahan once again refused to analyze the software. (*Id.*).

On June 16, 2010, Bowe Williams and Darren Stone, an Integration employee, went to repair the flow meter. (*Id.*). Bowe Williams sustained injuries after the flow meter detached from its moorings and struck him in the face. (*Id.*). In the underlying suit, Bowe and Rebecca Williams allege a claim for negligence against both Integration (Count I) and Callahan (Count II). (DE 37–1, Second Amended Complaint).

Maryland Casualty now moves for summary judgment arguing that it has no duty to defend or indemnify Integration, or its president, Callahan, in the underlying suit. (DE 37). Specifically, Maryland Casualty argues that the Policy bars coverage based on three exclusions: (1) "Professional Liability Exclusion—*Computer Software*" (the "Computer Software Exclusion"), (2) "Professional Liability Exclusion—*Electronic Data Processing Services and Computer Consulting or Programming Services*," and (3) the Professional Services exclusion provided in exclusion o. (DE 37 at 2). Generally, these exclusions preclude coverage for claims based on bodily injury arising out of Integration and Callahan's "professional services as computer consultants, programmers or advisors and/or professional services in connection with the furnishing of computer software programs and instructions." (DE 51 at 6).

## LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material

fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (quoting Fed. R. Civ. P. 56(c)(1)(A)). Where the non-moving party bears the burden of proof on an issue at trial, the movant may simply "[point] out to the district court that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325, 106 S.Ct. 2548.

After the movant has met its burden under Rule 56(c), the burden shifts to the non-moving party to establish that there is a genuine issue of material fact. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Although all reasonable inferences are to be drawn in favor of the non-moving party, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), he "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586, 106 S.Ct. 1348. The non-moving party may not rest upon the mere allegations or denials of the adverse party's pleadings, but instead must come forward with "specific facts showing that there is a genuine issue for trial." *Id.* at 587, 106 S.Ct. 1348 (citing Fed. R. Civ. P. 56(e)). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id.* "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir.1990). If the non-moving party fails to make a sufficient showing on an essential element of his case on which he has the burden of proof, the moving party is entitled to a judgment as a matter of law. *Celotex Corp.*, 477 U.S. at 323, 106 S.Ct. 2548.

## DISCUSSION

▮▮▮▮ Under Florida law, "[t]he duty to defend is determined by examining the allegations in the complaint filed against the insured." [3] *Lime Tree Village Community Club Ass'n, Inc. v. State Farm General Ins. Co.*, 980 F.2d 1402, 1405 (11th Cir.1993). The insurer has a duty to defend when the complaint alleges facts which "fairly and potentially bring the suit within policy coverage." *Id.* at 1405 (citing *Trizec Properties Inc. v. Biltmore Const. Co.*, 767 F.2d 810, 811–12 (11th Cir.1985)). "If the allegations of the complaint leave any doubt as to the duty to defend, the question must be resolved in favor of the insured." *Id.* (citations omitted). "There is, however, no duty to defend when the complaint shows that there is no coverage or that a policy exclusion applies." *Maryland Cas. Co. v. Florida Atlantic Orthopedics, P.L.*, 771 F.Supp.2d 1328, 1332 (S.D.Fla.2011), *affirmed* 469 Fed.Appx. 772 (11th Cir.2012).

▮▮▮▮ Maryland Casualty argues it has no duty to defend Integration and Callahan in the underlying suit based on three policy exclusions. (DE 37 at 2). First, Maryland Casualty relies on the Computer Software Exclusion, which provides:

> This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" **arising out of the rendering of or failure to render** any service by you on your behalf in connection with the selling, licensing, franchising or **furnishing of your computer software** including electronic data processing programs, designs, specifications, manuals and instructions.

(DE 37–2, Policy at 124) (emphasis added). This exclusion unambiguously precludes coverage for bodily injuries "arising out

---

**3.** The Parties do not dispute that Florida law governs in this matter.

of," *inter alia,* the selling and furnishing of Integration's software.

Importantly, the Computer Software Exclusion contains the term "arising out of." "According to the Florida Supreme Court, the phrase 'arising out of' should be interpreted broadly and encompasses all of the following meanings: 'originating from, having its origin in, growing out of, flowing from, incident to, or having a connection with.'" *Eastpointe Condominium Ass'n, Inc. v. Travelers Cas. & Sur. Co. of America,* 379 Fed.Appx. 906, 908 (11th Cir.2010) (citing *Taurus Holdings, Inc. v. U.S. Fid. & Guar. Co.,* 913 So.2d 528, 539 (Fla. 2005)). For an injury to "arise out of" the conduct contemplated in the exclusion, "some casual connection, or relationship" is necessary, but proximate causation is not required. *Taurus Holdings,* 913 So.2d at 539–40. Indeed, numerous courts have noted that the phrase "arising out of" only requires "but for" causation. *Eastpointe Condo. I Ass'n, Inc. v. Travelers Cas. & Sur. Co. of America,* 664 F.Supp.2d 1281, 1288 (S.D.Fla.2009), *affirmed* 379 Fed. Appx. 906 (11th Cir.2010); *see also Stevens v. Fireman's Fund Ins. Co.,* 375 F.3d 464, 467 (6th Cir. 2004) (applying Florida law) ("arising out of" language requires "but for" causation).

Having reviewed the Second Amended Complaint in the underlying suit, it is clear that all of the allegations have some causal connection with the services provided by Integration and Callahan in relation to the furnishing of their computer software. In the underlying suit, Bowe Williams alleges that Integration and Callahan installed software to monitor the flow of water in the reclaimed water system. (DE 37–1, Second Amended Complaint, at 9, 16). The water flow readings registered inaccurate readings, and, consequently, Bowe Williams was tasked with calibrating the meters in an attempt to correct the problem. (*Id.* at ¶¶ 9–12). "But for" the selling and furnishing of software by Integration and Callahan, the water meters would not have registered inaccurate readings, Bowe Williams would not have been tasked with releasing pressurized air in an attempt to fix the problem, and Bowe Williams would not have sustained his injuries. Because the Computer Software Exclusion clearly and unambiguously applies to Bowe and Rebecca Williams' claims—which directly arise out of the furnishing of the water meter software—Maryland Casualty has not duty to defend Integration and Callahan against the claims described in the Second Amended Complaint in the underlying suit.[4]

Defendants' arguments to the contrary are unpersuasive. Defendants argue that the Policy is "internally inconsistent, contradictory, and ambiguous ...." and/or illusory. (DE 47 at 6, 8). In essence, Defendants maintain that because the Policy provides general coverage for Integration (a software company), and the Policy excludes certain injuries relating to Integration's software, the terms of the Policy are contradictory and, therefore, ambiguous and/or illusory.

▆▆▆▆ "Under Florida law, when a term in an insurance policy is ambiguous, the court must construe it in favor of the insured and against the insurer." *Conti-*

---

4. Defendants maintain that Maryland Casualty has a duty to defend and indemnify Integration for the claims that Integration failed to properly train, support, supervise, or inform its employee, Darren Stone. (DE 47 at 8). However, this claim, like the others contained in the Second Amended Complaint, "arise out of" the software program that Integration furnished. The recommendation to release the pressurized air from the flow meters was made so that *software* would register accurate readings. "But for" the inaccurate software readings, Bowe Williams would not have attempted to calibrate the flow meters by releasing the pressured air.

*nental Cas. Co. v. Wendt*, 205 F.3d 1258, 1261 (11th Cir.2000) (citations omitted). An insurance policy is "ambiguous if it is susceptible to two or more reasonable interpretations that can fairly be made." *Id.* at 1261–62 (citations omitted). The Eleventh Circuit has explained that:

> [S]imply because one provision gives a general grant of coverage and another provision limits this coverage does not mean there is an ambiguity or inconsistency between the two. This is the very nature of an insurance contract; exclusions in coverage are expressly intended to modify coverage clauses and to limit their scope..... Both the coverage clause and the exclusion clause are given equal dignity within the contract.

*Ajax Building Corp. v. Hartford Fire Ins. Co.*, 358 F.3d 795, 799 (11th Cir.2005) (applying Florida Law). However, "[a]n insurance policy cannot grant rights in one paragraph and then retract the very same right in another paragraph called an 'exclusion.'" *Tire Kingdom, Inc. v. First Southern Ins. Co.*, 573 So.2d 885, 887 (Fla.3d DCA 1990). "It is well settled law that an insurance provision will only become illusory when its terms contradict one another." *Purrelli v. State Farm Fire and Cas. Co.*, 698 So.2d 618, 620 (2d DCA 1997).

Here, the language of the Policy is clear, and the exclusions are not subject to more than one reasonable interpretation. Indeed, in *Maryland Cas. Co. v. Smartcop, Inc.*, No. 11–cv–10100, 2012 WL 4344571, at *6 (S.D.Fla.2012), Judge K. Michael Moore also found that the same Computer Software Exclusion in a different policy issued by Maryland Casualty was not ambiguous. Additionally, none of the provisions cited by Defendants are contradictory. Defendants argue that the Contractual Liability section conflicts with the Computer Software Exclusions. (DE 47 at 6). Specifically, Defendants argue that the two sections are contradictory because "the only products or services that [Integration] provide[s]—and, therefore, contract with other persons or entities to provide—are related to computer software." (*Id.*).

The Contractual Liability Section provides:

**b. Contractual Liability**

> "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:
>
> (1) That the insured would have in the absence of the contract or agreement; or
>
> (2) Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement....

(DE 37–2, Policy at 93). Contrary to Defendants' argument, this section does not specifically cover computer software contracts. Indeed, there are many contracts Integration can enter into related to its business, such as a contract for office supplies. This section, therefore, is not directly contradicted by the Computer Software Exclusion. For these reasons, I do not find that the Policy is ambiguous or illusory.

In conclusion, the Second Amended Complaint does not allege a single claim against Integration and Callahan that is not precluded by the Policy's Computer Software Exclusion. Because the Computer Software Exclusion bars coverage for all of the claims contained in the underlying suit, I need not determine whether the other policy exclusions preclude coverage.

Additionally, having found that Maryland Casualty has no duty to defend, it likewise has no duty to indemnify Integration and Callahan in the underlying suit. *See, e.g., Lawyers Title Ins. Corp. v. JDC (America) Corp.*, 52 F.3d 1575, 1580 (11th Cir. 1995) (noting that "duty to defend is broader than the duty to indemnify."); *Smartcop*, 2012 WL 4344571 at *6 (holding "[w]here there is no duty to defend, there is no duty to indemnify.") (citations omitted). Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Maryland Casualty's Motion for Summary Judgment (DE 37) is **GRANTED.**

**DONE AND ORDERED** in Chambers in West Palm Beach, Florida this 24 day of June, 2015.