[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12386

Non-Argument Calendar

_____

AIX SPECIALTY INSURANCE COMPANY,

Plaintiff-Appellant,

*versus*

SHANEKA EVERETT,
1207 MLK LIQUORS, INC.,
d.b.a. Hollywood Nights South,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:19-cv-02533-CEH-AAS

_____

Before WILSON, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

After Shanika Everett sustained serious injuries at a club operated by 1207 MLK Liquors, Inc. d/b/a Hollywood Nights South ("Hollywood"), she sued Hollywood in state court. Hollywood's insurer, AIX Specialty Insurance Company, then filed this declaratory judgment action, seeking a declaration that it owed no duty to defend Hollywood. The district court determined that AIX owed a duty to defend, and AIX appealed. After careful review, we affirm.

## I.

In 2016, when Everett was on the premises of the club that Hollywood operated, she was struck by a bullet and sustained injuries from the gunshot wound. Everett later sued Hollywood in Florida state court, claiming that it was negligent for failing to protect an invitee on its premises from a reasonably foreseeable criminal attack. Everett alleged that she was injured while on Hollywood's premises when she was "shot by a Projectile (to wit: a

bullet)." Doc. 40-2 at 2.[1] But the complaint contained no further factual allegations about the circumstances of the shooting.

Hollywood had a commercial general liability insurance policy from AIX. Under the terms of the policy, AIX agreed to "pay those sums that [Hollywood] becomes legally obligated to pay as damages because of 'bodily injury' . . . to which this insurance applies." Doc. 40-1 at 34. The policy provided that AIX had "the right and duty to defend [Hollywood] against any 'suit' seeking those damages." *Id.*

The policy set forth exclusions that limited the scope of coverage. One of those exclusions—the firearms exclusion—is relevant for our purposes. Under that exclusion, the policy afforded no coverage "for any injury, death, claims, or actions occasioned directly or indirectly or as an incident to the discharge of firearms by person or persons on or about the insured premises." *Id.* at 29.

In the state court action, AIX agreed to provide Hollywood with a defense subject to a reservation of rights. AIX filed this action naming Hollywood and Everett as defendants and seeking a

---

[1] "Doc." numbers refer to the district court's docket entries.

declaration it owed no duty to defend or indemnify Hollywood in the state court litigation.[2]

In this lawsuit, Everett and AIX filed cross motions for summary judgment. AIX argued that based on the policy's firearms exclusion it owed no duty to defend or indemnify Hollywood. AIX focused on the exclusion's language stating that it barred coverage for any injury "occasioned directly or indirectly or as an incident to the discharge of firearms." *Id.* According to AIX, Everett's injuries were occasioned by a shooting because being struck by a bullet was a but-for cause of her injuries.

Everett argued that AIX owed a duty to defend and indemnify. Relying on the plain language of the policy, she argued that there was another requirement for the exclusion to bar coverage: the victim had to be injured in an incident that involved the discharge of *multiple* firearms. She pointed to the text of the exclusion, which referred to the "discharge of firearms (*plural*)" on the insured's premises. Doc. 42 at 11 (emphasis in original). Because the complaint in the state court action alleged that she was injured from a single projectile, Everett reasoned, the exclusion did not bar coverage, and AIX owed a duty to defend.

---

[2] Although AIX served Hollywood's registered agent with process, Hollywood failed to file an answer or other responsive pleading. Upon a motion from AIX, the clerk issued an entry of default against Hollywood.

In its summary judgment order, the district court addressed the scope of AIX's duty to defend and indemnify. First, the court determined that AIX owed a duty to defend Hollywood. The court explained that to resolve whether AIX owed a duty to defend the court must look solely to the factual and legal theories alleged in Everett's state court complaint. If the complaint alleged facts that could fairly and potentially bring the suit within policy coverage, the district court said, AIX owed a duty to defend.

The district court considered the scope of the firearms exclusion. The court explained that insurance contracts are construed according to their plain meaning and that exclusions must be strictly construed against the insurer. Looking to the text of the exclusion, the court explained that it excluded coverage for injuries resulting from the discharge of "firearms." Doc. 55 at 18. Because the exclusion used the plural form of firearm, the district court concluded that the exclusion barred coverage only when a person was injured in an incident that involved the discharge of multiple firearms. The district court then looked to the substance of Everett's state court complaint, which simply alleged that Everett was shot by a bullet but did not address whether the incident involved multiple weapons or a "single firearm." *Id.* at 20. Because Everett's complaint "allege[d] facts which create *potential* coverage under the [p]olicy," the court determined that AIX owed a duty to defend. *Id.* (emphasis in original).

Second, the district court considered whether AIX owed a duty to indemnify Hollywood. The court explained that an insur-

er's duty to indemnify is determined by the facts adduced at trial or developed through discovery in the underlying litigation. Because a resolution of an insurer's duty to indemnify is premature when the underlying litigation remains pending, the district court declined to address the merits of the issue and stayed the case pending judgment in the state court action.

This is AIX's appeal.[3]

## II.

We review de novo the district court's grant of summary judgment, and its interpretation of an insurance contract. *Em-*

---

[3] While this appeal was pending, we issued a jurisdictional question asking the parties to address whether the district court's order, which resolved AIX's duty to defend but not the duty to indemnify, was immediately appealable. We conclude that it is.

We have appellate jurisdiction to review a district court's nonfinal order when it grants an injunction. *See* 28 U.S.C. § 1292(a)(1). Under § 1292(a)(1), we may "[s]ometimes" review a district court order awarding a declaratory judgment, even though it did not expressly impose an injunction, so long as the order has "the practical effect of granting or denying [an] injunction[]." *James River Ins. Co. v. Ultratec Special Effects Inc.*, 22 F. 4th 1246, 1252 (11th Cir. 2022) (internal quotation marks omitted). The district court's order here plainly meets this standard. By granting Everett's cross-motion for summary judgment and declaring that AIX owes a duty to defend Hollywood in the state court litigation, the order effectively requires AIX to pay Hollywood's defense costs and thus sufficiently resembles an injunction. *See id.* at 1251–52; *Nat'l Union Fire Ins. Co. of Pittsburgh v. Sahlen*, 999 F.2d 1532, 1535 (11th Cir. 1993).

*broidMe.com, Inc. v. Travelers Prop. Cas. Co. of Am.*, 845 F.3d 1099, 1105 (11th Cir. 2017).

### III.

An insurance policy typically requires an insurer both to indemnify an insured against any damages award based on a claim covered by the policy and to defend the insured in any action against it to recover these damages. *EmbroidMe.com*, 845 F.3d at 1107. Under Florida law,[4] "an insurer's duty to defend an insured is separate and distinct from the question whether it has a duty to indemnify the latter against the imposition of damages." *Id.* An insurer's duty to defend "is determined solely by the allegations in the complaint" in the underlying action. *Farrer v. U.S. Fid. & Guar. Co.*, 809 So. 2d 85, 88 (Fla. Dist. Ct. App. 2002). In contrast, an insurer's duty to indemnify "is determined by the facts adduced at trial or during discovery" in the underlying action. *Id.*

In deciding whether an insurer owes a duty to defend, Florida law looks to whether the underlying complaint on "its face alleges a state of facts that fails to bring the case within the coverage of the policy." *McCreary v. Fla. Residential Prop. & Cas. Joint Underwriting Ass'n*, 758 So. 2d 692, 695 (Fla. Dist. Ct. App. 1999) (internal quotation marks omitted). When the policy contains ex-

---

[4] The parties agree that Florida law governs our interpretation of the insurance policy in this diversity action.

clusions from coverage, no duty to defend is owed when the underlying "complaint alleges facts that clearly bring the entire cause of action within a policy exclusion." *Baron Oil Co. v. Nationwide Mut. Fire Ins. Co.*, 470 So. 2d 810, 815 (Fla. Dist. Ct. App. 1985). Because the existence of a duty to defend turns upon the allegations in the underlying complaint, an insurer may have a duty to defend its insured even when the complaint's allegations turn out to be "factually incorrect," "meritless," or based on an "unsound" legal theory. *Jones v. Fla. Ins. Guar. Ass'n*, 908 So. 2d 435, 443 (Fla. 2005); *State Farm Fire & Cas. Co. v. Higgins*, 788 So. 2d 992, 996 (Fla. Dist. Ct. App. 2001). "Any doubts regarding the duty to defend must be resolved in favor of the insured." *Jones*, 908 So. 2d at 443.

When interpreting an insurance contract under Florida law, we construe the terms of the contract according to their "plain meaning, with any ambiguities construed against the insurer and in favor of coverage." *Penzer v. Transp. Ins. Co.*, 29 So. 3d 1000, 1005 (Fla. 2010) (internal quotation marks omitted). "In general, exclusionary clauses are strictly construed in a manner that affords the insured the broadest possible coverage." *Indian Harbor Ins. Co. v. Williams*, 998 So. 2d 677, 678 (Fla. Dist. Ct. App. 2009).

The question before us in this appeal is whether the district court erred when it concluded that AIX owed a duty to defend its insured, Hollywood. This question turns on the interpretation of the firearms exclusion. In its appellant's brief, AIX exclusively fo-

cuses its arguments on why there was a sufficient connection between Hollywood's premises and Everett's injury to satisfy the exclusion's requirement that the injury be occasioned directly or indirectly or as an incident to a shooting.

The problem here is that the district court's ruling rested on a different ground, one that AIX does not challenge. The district court interpreted the exclusion as barring coverage only when there was an incident that involved the discharge of multiple weapons. Because the complaint here alleged that the incident involved the discharge of a single weapon, the district court concluded that AIX owed a duty to defend. On appeal, AIX, which is represented by counsel, raises no challenge to the district court's interpretation; it advances no argument that the language of the firearms exclusion also bars coverage when an incident involves the discharge of a single firearm. It thus has abandoned any challenge to the district court's interpretation of the policy. *See PDVSA US Litig. Tr. v. Lukoil Pan Americas, LLC*, 991 F.3d 1187, 1193 (11th Cir. 2021) ("[A] party abandons an issue by not briefing it."); *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014).

To be sure, AIX makes a passing reference to whether the firearm exclusion bars coverage when an incident involves the discharge of only a single firearm when it states that "it is immaterial" for the exclusion "whether the underlying incident involved a single bullet or multiple gunshots." Appellant's Br. at 3.

But "simply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue" and precludes us from considering it on appeal. *Singh v. U.S. Att'y Gen.*, 561 F.3d 1275, 1278 (11th Cir. 2009).

Our rule on abandonment is based in the "party presentation principle," which recognizes that in our "adversarial system of adjudication . . . we rely on the parties to frame the issues for decision" and it generally "is inappropriate for a court to raise an issue *sua sponte.*" *United States v. Campbell*, 26 F.4th 860, 872 (11th Cir. 2022) (en banc) (internal quotation marks omitted). Because AIX abandoned any argument that the district court erred in interpreting the exclusion as requiring the discharge of multiple firearms, it follows that the district court's judgment that AIX owed a duty to defend Hollywood must be affirmed.[5]

**AFFIRMED.**

---

[5] Because we conclude that AIX abandoned any challenge to the district court's ruling, we do not reach the question of whether the district court properly interpreted the policy. We recognize that the question of whether AIX owed a duty to indemnify remains pending before the district court. Nothing in this opinion forecloses AIX from arguing to the district court that it owes no duty to indemnify Hollywood because the exclusion bars coverage for an incident involving even a discharge of a single firearm.